W. R. COOPER and Wife v. W. H. ROWLAND et al.

(Filed 9 December, 1908).

**Appeal and Error—Evidence—Nonsuit—Trial—Per Curiam Not to Prejudice Rights.**

In this case, the Court held that there was sufficient evidence to go to the jury, and that a judgment as of nonsuit, upon the evidence should not have been allowed. The evidence was not discussed, as such might prejudice one or the other of the parties to the litigation upon the new trial granted.

ACTION tried before *Webb, J.,* and a jury, March Term, 1908, of DURHAM. Plaintiff appealed.

*Manning & Foushee* for plaintiff.
*Guthrie & Guthrie* for defendant.

PER CURIAM. On 20 September, 1892, W. H. Rowland and his wife, Virginia C. Rowland, executed a deed of trust on a certain lot in Durham belonging to W. H. Rowland, to secure the debts owing by him, and therein described. Afterwards the Morehead Banking Company recovered a judgment against W. R. Cooper and W. H. Rowland for $4,000, which was reduced by payment to about $3,000. The judgment was duly docketed and constituted a lien upon the real estate of the defendants. Mrs. Rowland became the owner of the debt secured by the deed of trust, and Mrs. Nannie E. Cooper, wife of W. R. Cooper, became the owner of the said judgment.

This action was brought W. R. Cooper and wife against W. H. Rowland and wife to declare Mrs. Rowland a trustee of the lot conveyed by the deed of trust, for the benefit of Mrs. Cooper, to the extent that the latter had advanced money to buy the judgment of the bank against Cooper and Rowland, Mrs. Rowland having purchased the said lot at a sale thereof under the power contained in the deed of trust, which

149—23

sale the plaintiffs allege was made at the request of the defendants and is invalid as against the plaintiff, Mrs. Cooper, by reason of the manner in which it was advertised and conducted. The plaintiffs also prayed for a re-sale of the lot by a Commissioner of the Court. Mrs. Rowland died pending the action, and her heirs were made parties.

After hearing the evidence, the Court, on motion of the defendants' counsel, dismissed the action under the statute, and the plaintiffs appealed.

It would be useless for us to state the evidence in the case and discuss it with regard to its legal bearing upon the issues made by the pleadings, as such a course might prejudice one or the other of the parties at the next trial. We have examined the case carefully, and our opinion is that there was sufficient evidence to carry the case to the jury, and the Court therefore erred in ordering a nonsuit. It is best that we defer any further consideration of the case until the jury have passed upon it under proper instructions from the Court, that is, if it should again come before us.

New trial.